IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT NEIL GOODE,<br><br>Plaintiff,<br><br>v.<br><br>ONEWEST BANK FSB, INDYMAC MORTGAGE SERVICES INC, ETITLE INSURANCE AGENCY,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:12–cv–00815–DN–EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

*Pro se* Plaintiff Robert Neil Goode filed a Complaint against OneWest Bank, IndyMac Mortgage Services, and eTitle Insurance Agency (collectively, "Defendants") on August 22, 2012.  (Compl., ECF No. 1.)  On September 4, 2012, Mr. Goode filed a Motion to Set Aside Trustee and Motion for Injunction from Further Activity.  (ECF No. 2.)  On September 17, 2012, Defendants moved this Court to dismiss Mr. Goode's Complaint under Federal Rule of Civil Procedure 12(b)(6), (EFC No. 5), and on September 19, 2012, Defendants filed an opposition to Mr. Goode's Motion to Set Aside and Motion for Injunction.  (ECF No. 7.)  On October 1, 2012, Mr. Goode filed an opposition to Defendants' Motion to Dismiss, (ECF No. 9), and filed a Motion for Summary Judgment.[1]  (ECF No. 10.)

Based on the Court's careful consideration of Mr. Goode's Complaint[2] it recommends the District Court DISMISS the Complaint without prejudice and grant him leave to re-plead

---

[1] On October 3, 2012, District Judge Clark Waddoups referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B).  (ECF No. 11.)  On February 13, 2013, Judge Waddoups recused himself, and the case was reassigned to Judge David Nuffer.  (ECF No. 17.)

[2] Because Mr. Goode proceeds pro se, the Court liberally construes his filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

because Mr. Goode does not properly assert jurisdiction in his Complaint.  *See* Fed.R.Civ.P. 8(a)(1).

As an initial matter, Mr. Goode's pleadings do not contain enough information to determine whether the Court has jurisdiction.  "Federal courts are courts of limited jurisdiction, there is a presumption against [their] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."  *Penteco Corp. Ltd. P'ship-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  Because Mr. Goode has not met this burden and it is unclear whether the Court has jurisdiction, "'there is no authority to sit in judgment of anything else.'"  *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004). (quoting *Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 778 (2000)).

Rule 41(b) permits a district court to dismiss an action "for failing to comply with any aspect of the Federal Rules of Civil Procedure."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1161–62 (10th Cir. 2007) (noting a court may properly dismiss a *pro se* plaintiff's complaint without prejudice for failing to comply with Rule 8).[3]  Under Rule 8(a)(1) a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed.R.Civ.P. 8(a)(1).

Mr. Goode asserts "[j]urisdiction is appropriate as the monetary amounts exceed $1,000,000.00 One Million dollars U.S.," (ECF No. 1), but he does not further address the Court's jurisdiction.  Although Mr. Goode checked the federal question box in section two of the

---

[3] "'Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders.'"  *Nasious* 492 F.3d at 1161 n.2 (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

civil cover sheet[4] attached to the Complaint, what federal cause of action he brings remains unclear. Mr. Goode requests the Court enjoin Defendants from foreclosing on property he acquired by quitclaim deed days before he filed his Complaint on August 23, 2012. (*see* ECF No. 1, Ex. 1.) However even a liberal reading of the Complaint and civil cover sheet does not provide factual basis for federal jurisdiction. The Court's job is not "to stitch together cognizable claims for relief from the wholly deficient pleading." *Mann v. Boatright* 477 F.3d 1140, 1148 (10th Cir. 2007).

## RECOMMENDATION

For the reasons stated above, the District Court should DISMISS Mr. Goode's Complaint without prejudice and grant Mr. Goode leave to re-plead. Mr. Goode's new complaint must meet the requirements for pleadings set forth in the Federal Rules of Civil Procedure and contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* (citation omitted).

---

[4] By its very language, the civil cover sheet attached to the Complaint does not supplement a pleading. But "[i]n the spirit of liberally construing Plaintiff's pleadings" the Court considers the civil cover sheet along with the Complaint. *See Lignell v. Catholic Church*, No. 2:09–CV–1151–CW–PMW, 2010 WL 2521452, at \*4 n.28 (D. Utah May 6, 2010) (unpublished) (construing pro se complaint liberally to include references to federal law made in the civil cover sheet), *report and recommendation adopted*, No. 2:09–CV–1151–CW, 2010 WL 2496392 (D. Utah June 17, 2010), *see also Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 F. App'x 462, 467 (2d Cir. 2011) (unpublished) (noting that the Second Circuit has "expressed a willingness to permit a plaintiff to rely on a civil cover sheet in lieu of his complaint . . . where the plaintiff was proceeding *pro se* or *in forma pauperis*") (citations omitted); *Willis v. Citi Residential Lending*, No. CIV S-07-2691 GEB DAD PS, 2008 WL 2074477, at \*1 (E.D. Cal. May 8, 2008) (unpublished) (noting court has read entries on pro se plaintiff's civil cover sheet together with allegations in complaint as asserting claims under federal statutes (citing *Hughes v. Rowe,* 449 U.S. 5, 9 (1980))).

Mr. Goode's new complaint "must offer sufficient factual allegations to 'raise a right to relief above the speculative level." *Id.* (citation omitted).

       The Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b); Fed.R.Civ.P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

       DATED this 25 day of April, 2013.

                        BY THE COURT:

                        _____
                        Evelyn J. Furse
                        United States Magistrate Judge